PER CURIAM.
This is an interlocutory appeal in an action by appellee, Bethune-Cookman College, Inc. [“the college”], against appellant, Liberty Mutual Insurance Company [“Liberty Mutual”], for the latter’s failure to defend and indemnify the former in a suit by Allen Green Construction Company, Inc. [“AGC”]. The lower court entered an interlocutory order denying Liberty Mutual’s motion for summary judgment on count I of the college’s two-count complaint. Liberty Mutual appeals from this order. We dismiss for lack of jurisdiction.
After a series of amendments in the underlying action, AGC’s suit against the college contained claims for fraud, breach of contract, breach of a settlement agreement, rescission and a federal claim based on racial discrimination. Liberty Mutual, which insured the college, denied coverage. After settling with AGC for $400,000, the college instituted the current action below. The first count of the college’s complaint related to a commercial general liability policy [“the CGL policy”] it had with Liberty Mutual and sought damages for the insurer’s failure to defend and indemnify the college against AGC pursuant to that policy. In the second count, the college alleged that discovery conducted during the AGC lawsuit against the college produced information that certain of the college’s employees engaged in “employee dishonesty” within the meaning of the college’s commercial crime policy with the insurer, and the college sought damages for Liberty Mutual’s refusal to indemnify the college under this second policy.
Liberty Mutual moved for summary judgment on count I of the complaint, claiming that the CGL policy did not provide the college with coverage for the claims brought against it by AGC. At issue was whether coverage existed under the CGL policy’s provision for “[o]ral or written publication of material that slanders or libels a person or organization or disparages a person’s or organization’s goods, products or services ...,” and whether AGC’s complaint alleged “disparagement” within the meaning of the policy. In a lengthy order, the circuit court *992 denied the motion. The relevant language of that order is as follows:
With respect to the personal injury coverage, the court has concluded that the defendant has not conclusively demonstrated the absence of all material disputed fact, and therefore the defendant is not entitled to summary judgment as to Count I....
⅝ * ⅜ ⅜ * *
It has not been established that the settlement of the underlying case was on the basis of some claimed “disparagement” of AGC, the plaintiff in the underlying suit. Indeed, it is, at the least, doubtful that this was the case. However, when read in a light most favorable to the instant plaintiff College (the party against whom summary judgment is sought with respect to Count I), the underlying third amended complaint did allege and complain of publication of material which disparaged AGC, and the duty to defend may well have been triggered by such allegations. Under these circumstances, the motion of defendant Liberty Mutual for summary judgment as to Count I of the instant complaint must be denied.
******
Whereupon, it is ORDERED that the defendant’s motion for summary judgment be and the same is hereby denied as to Count I of the complaint, alleging coverage and a duty to defend pursuant to the commercial general liability insurance policy and the personal injury coverage thereof, and granted as to Count II of the complaint, alleging coverage and a duty to defend pursuant to the Commercial Crime Policy and the employee dishonesty coverage thereof.
(Emphasis in original).[1]
The lower court’s observation in the course of denying Liberty Mutual’s motion for summary judgment that the “duty to defend may well have been triggered” by allegations of disparagement does not constitute a determination of liability in favor of Bethune-Cook-man College. If and when the lower court finds and determines liability in favor of Bethune-Cookman and against Liberty Mutual by interlocutory order, interlocutory review will be available. Fla.R-App. P.9.130(a)(3)(C)(iv).
APPEAL DISMISSED.
PETERSON, C.J., and GOSHORN and GRIFFIN, JJ., concur.

. Following a motion by the college in which it was pointed out that Liberty Mutual never specifically sought summary judgment as to count II of the complaint, the portions of the order relating to that count were vacated.